[S. F. No. 12092. In Bank.—February 10, 1927.]

In the Matter of the Estate of YNEZ MORGAN, Deceased. HARRY D. MORGAN, Appellant, v. MRS. A. A. PRIOR, Respondent.

[1] ESTATES OF DECEASED PERSONS—HOLOGRAPHIC WILL—EXECUTION—EVIDENCE.—The signature to a holographic will, wherever it is placed in the will, is sufficient if it is evident from an inspection of the whole document itself that it was the intent of the testator it should serve as a token of execution; but it must appear from the face of the instrument that it is a complete and executed document.

---

(1) 40 Cyc., p. 1131, n. 29.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sapiro & Hayes for Appellant.

Norman E. Malcolm, Leon T. David, Egerton D. Lakin and Lewis Hayd Leve for Respondent.

WASTE, C. J.—Ynez Morgan died leaving an instrument testamentary in character. After a contest, the probate court found it to be a valid holographic will, entirely written, dated, and signed by the testatrix, and made its order admitting the document to probate as the last will and testament of the decedent. From that order this appeal is taken.

---

1. What is sufficient signing of a will, note, 42 Am. Dec. 571. Necessity of signature at end of holographic will, notes, Ann. Cas. 1918B, 230; 29 L. R. A. (N. S.) 64; 46 L. R. A. (N. S.) 552; L. R. A. 1917D, 632; 29 A. L. R. 893, 896. See, also, 28 R. C. L. 163; 26 Cal. Jur. 864, 865.

The purported will, made ten months prior to the death of the decedent, was found in her writing-desk among her papers. No signature appears at the end of the document, which is entirely in the handwriting of the decedent. The name, Ynez Morgan, appears twice in the instrument, and the only question before the court on this appeal is whether or not the decedent, by writing her name in either, or both, of said places, thereby "signed" the will. A photostatic copy of the document is here reproduced.

[1] This court has, upon a number of occasions very recently, been called upon to consider the nature of the evidence permissible and sufficient to establish the due execution of a holographic will, where the signing thereof by the testator is not in the customary place at the end of the instrument. The conclusion reached and adhered to in the decisions is that it must be established upon the face of the offered instrument that it is a complete and executed document; that notwithstanding that the usual place of signing,

and so of evidencing due execution and completeness, is at the end of the instrument, the signature of a testator found elsewhere than at the end may be, if circumstances warrant it, a signature of execution, but that the only evidence which will warrant this conclusion must be found in and on the instrument itself. (*Estate of McMahon,* 174 Cal. 423 [L. R. A. 1917D, 778, 163 Pac. 669].) As stated in another case: "The true rule, as we conceive it to be, is that, wherever placed, the fact that it was intended as an executing signature must satisfactorily appear on the face of the document itself. If it is at the end of the document, the universal custom of mankind forces the conclusion that it was appended as an execution, if nothing to the contrary appears. If placed elsewhere, it is for the court to say, from an inspection of the whole document, its language as well as its form, and the relative position of its parts, whether or not there is a positive and satisfactory inference from the document itself that the signature was so placed with the intent that it should there serve as a token of execution. If such inference thus appears, the execution may be considered as proven by such signature." (*Estate of Manchester,* 174 Cal. 417, 421 [Ann. Cas. 1918B, 227, L. R. A. 1917D, 629, 163 Pac. 358] ; see, also, *Estate of Streeton,* 183 Cal. 284, 288 [191 Pac. 16] ; *Estate of Bernard,* 197 Cal. 36, 38 [239 Pac. 404] ; *Estate of Devlin,* 198 Cal. 721 [247 Pac. 577].)

The will here in question makes complete disposition of the property of the decedent, and designates the person who shall have charge of the administration of her estate. It in all respects appears to be a completed document, which removes it from one of the objections raised in *Estate of Bernard, supra,* and other cases. If the words "Last will and testament of Ynez Morgan" appeared at the end of the will, all doubt that the signature was intended to be and was adopted as the final executing signature in authentication of and in execution of the document as a completed testamentary act would be removed. Looking at the instrument as a whole, we are of the view that, by the use of these words in the beginning of the instrument, it was the inten-

tion of the testatrix to thereby execute the document as a will.

So recently has this court discussed this question and reviewed the authorities that nothing further need be added. We are satisfied that the finding of the probate court to the effect that the testatrix duly authenticated and executed the instrument as her last will and testament is sustained by the inferences arising from an inspection of the document itself.

The order appealed from is affirmed.

Seawell, J., Richards, J., Curtis, J., Preston, J., Langdon, J., and Shenk, J., concurred.

Rehearing denied.