## In Re BRANDOW'S ESTATE.

POTTER, et al, Appellants, v. WILSON, et al, Respondents.

(240 N. W. 323.)

(File No. 7281. Opinion filed January 25, 1932.)

*Warren & Eggen,* of DeSmet, for Appellants.

*E. F. Green,* of DeSmet, and *Bernard W. Vinissky,* of Chicago, Ill., for Respondents.

POLLEY, J. This appeal grows out of a controversy over what purports to be the holographic will of Ella Potter Brandow. At the time the will was prepared, and at the time of her death, the testatrix was a resident of the state of Illinois. The said will, so far as material, reads as follows:

"To Whom it may concern:—Knowing, myself to be sound in mind and perfect in health at this date, Oct.-19-1928. In case of an accident or death I want Henry A. Wilson of 3228 Warren Ave. Chicago, Ill. to be my administrator, for whatever property I may have, at that time. The time of my demise, If my South Dakota farm is not sold, I want him to have full charge of same, and handle any and all money from same. Until it brings a reasonable sale price He to be the judge of said price. * * *

"Last Will and Testament of Ella Potter Brandow, 3228 Warren Ave."

The testatrix left an estate consisting wholly of real property in Kingsbury county, and said will was offered for probate in that county. A contest was filed by certain of decedent's heirs at law. From an order in favor of the proponent of the will, the contestants appealed to the circuit court, where the order of the county court was affirmed, and the case is here on an appeal from the circuit court. The genuineness of the handwriting and the execution of the instrument involved were not passed upon by the county or circuit court, and will not be considered by this court.

It is first contended by appellants that the purported will is not testamentary in character, but is merely a memorandum of what the testatrix intended to put into a will to be drafted at some later day, and that the name at the close of the instrument is merely the ending of the closing paragraph, and not intended to be in execution of said purported will. After the instrument had been completed as above set out, it had been sealed up in an envelope, addressed to Henry A. Wilson at his street address in Chicago, Ill., and with her own name and street number in Chicago written

across the margin of the envelope. The handwriting on the envelope appears to be the same as that of the will itself.

We agree with appellants that, "the only evidence that will warrant the conclusion that a holographic will is a complete and executed document must be found in and on the instrument itself." Citing In re Morgan's Estate, 200 Cal. 400, 253 P. 702; Montague v. Street, 59 N. D. 618, 231 N. W. 728. Tested by this rule, we think the instrument involved is testamentary in character. Section 612, Rev. Code 1919, reads as follows:

"An olographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this state, and need not be witnessed."

This instrument purports to be all in the handwriting of the testatrix; it is dated "Oct.-19-1928." Her name appears at the end of the instrument. Her name and the declaration, of which the name is a part, leaves no doubt that she intended the instrument to be her last will and testament, and that the name was written in execution of the instrument. It is not material where the name of the testator appears in a will of this character. If it can be gathered from an inspection of the whole instrument that it is intended as a last will and testament, the statute is satisfied. In Re Estate of Elizabeth R. McMahon, 174 Cal. 423, 163 P. 669, L. R. A. 1917D, 778, the will commenced with the declaration: "This is the last will and testament of Elizabeth R. McMahon," and the name appeared no place else in the will. This was held to be a sufficient execution, and to the same effect are In re Morgan's Estate, 200 Cal. 400, 253 P. 702; In re Thrift Trust Co. v. White et al, 90 Ind. 116, 167 N. E. 141, 168 N. E. 250; In re England's Estate, 85 Cal. App. 486, 259 P. 956.

In the state of Illinois where this will was executed, and where the testatrix was domiciled and where she died, holographic wills are not recognized by law and have no validity. From this fact appellants argue that the will being void in the state where made, it is likewise void in this state. But this argument is fully answered by the provisions of section 612, Rev. Code 1919. Holographic wills may "be made in or out of this state." This means that they may be made any place within the state, and any

place without the state, and are valid in this state wherever made. Appellants contend that the will having been executed in the state of Illinois, where the testatrix at that time was domiciled, the probate court of that state has exclusive original jurisdiction of the probate of this will and cites McEwen v. McEwen, 50 N. D. 662, 197 N. W. 862. This may be true "generally" as said by the North Dakota court, but it could not apply in a case like this, where the will was void and could not be probated in the state where executed. A holographic will possesses some features not common to ordinary wills. Moreover, under the provisions of subdivision 3 of section 3178, "wills must be proved, and letters testamentary, or of administration granted: * * * 3. In the county in which any part of the estate may be, the decedent having died out of the state, and not being a resident thereof at the time of his death." This provision is broad enough to entitle a will of a nonresident to probate in any county in which the decedent left real property, regardless of the domicile of testator, or place where the will was executed.

█ The last proposition presented by the record relates only to an interpretation of the terms of the will. This question was not considered by either of the courts below, therefore it is not for consideration by us at this time. The only question for our consideration is whether the purported will is sufficient on its face to entitle it to probate. We are of the opinion that it is.

The order appealed from is affirmed.

CAMPBELL, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.