In the Matter of the ESTATE of Catherine M. COLEMAN, Deceased.

John COLEMAN, Emma Beckley, Stella Crowley, Louise Lacey, Oliver Perry Goodall, Charles Coleman, Jr., Fern C. Connors, William Cunningham, and Frederick Cunningham, Appellants,

v.

Cecile PORTER, as Executrix of the Last Will and Testament of Catherine M. Coleman, Deceased; Cecile Porter, John E. Porter, and Bernard M. Porter, Respondents.

No. 7826.

Supreme Court of North Dakota.

Aug. 31, 1959.

Rehearing Denied Oct. 29, 1959.

Reichert & Reichert, Dickinson, and John Coleman, Hollywood, Cal., of counsel, for appellants.

C. J. Schauss, Mandan, for respondents.

STRUTZ, Judge.

Catherine M. Coleman, a legal resident of and domiciled in the State of Montana, died on November 26, 1957, in that State. Her estate consisted entirely of personal property, including clothing, a diamond ring, a small amount of cash, and some social security benefit claims, all of which admittedly were in the State of Montana. The balance of her estate consisted of $8,200 in savings accounts in the First National Bank of Dickinson, Stark County, North Dakota, with certificates of deposit for such savings accounts in the possession of the respondent Cecile Porter in Mandan, North Dakota.

The respondent Cecile Porter filed a petition in the county court of Stark County for the probate of a written instrument as the last will and testament of Catherine M. Coleman, deceased. The appellants, who were respondents in the county court, objected to the jurisdiction of the county

court of Stark County, claiming that the decedent was a resident of the State of Montana and claiming that the probate of her estate should be in the courts of that State. Evidence was taken, and the county court of Stark County, over the objection of John Coleman, one of the respondents in the county court who appeared as attorney for all of the respondents in that court, held that the county court of Stark County had jurisdiction of that portion of the estate of the deceased located in Stark County in the form of savings deposits in the First National Bank of Dickinson. The order of the county court on the question of jurisdiction was dated May 21, 1958.

Thereafter, on June 15, 1958, the county court of Stark County entered a further order admitting the written instrument offered by the respondent Cecile Porter to probate as the last will and testament of the deceased, Catherine M. Coleman.

An appeal was taken to the district court of Stark County from the order of the county court of Stark County accepting jurisdiction of the estate of Catherine M. Coleman, deceased, and from the order admitting to probate the instrument offered as the will of said deceased.

The district court of Stark County, after hearing, ordered judgment entered affirming the orders of the county court. Judgment was entered on such order, and the appellants have prosecuted this appeal from such judgment.

Catherine M. Coleman, a single woman, was a stenographer and secretary, serving in that capacity in various places both in and outside of the territorial limits of the United States. Up to the time of World War I, she lived and worked in Dickinson, North Dakota. The respondent Cecile Porter's family also lived in Dickinson and the deceased, an aunt of the respondent, made her home with them until they left Dickinson for Mandan, in 1910.

The deceased served for some years in Siberia with the Red Cross following World War I, and thereafter returned to the United States and resided with the respondent's family in Mandan until she accepted a position in Washington, D. C., as a member of the staff of Senator McCumber of North Dakota.

Later, she accepted employment as a staff member of a special claims commission from the United States in Mexico City. Before leaving for her employment in Mexico City, the deceased returned to Mandan where she had her "shots" and then proceeded to Mexico City. This employment as a member of the claims commission continued until 1928 or 1929. From Mexico City she went to Mandan, North Dakota, where she remained until 1933 or 1934, again making her home with the family of the respondent.

In 1933 or 1934, she left for Helena, Montana, for further employment. She returned periodically to Mandan for visits with the respondent's family. During the years when the decedent lived in Helena, she resided alone in the local Y.W.C.A. or in a Helena hotel. She did not make her home with relatives who lived in that part of Montana, including some of the appellants in this proceeding.

During 1933, while the deceased was residing at the home of the respondent in Mandan, she executed the instrument which has been admitted to probate as her last will and testament. It was entirely in her own handwriting and was, in words and figures, as follows:

"This is to say, should anything happen to me in my travels, I leave all my clothes, money, jewelry and estate of every kind to my niece, Cecil Porter, after all my expenses have been paid. Cecile to look after all my affairs, etc.

"Catherine M. Coleman

"Mandan, N. D.

"March 2, 1933."

The instrument was placed in an envelope, sealed, and delivered to the respondent, her niece. Later, the deceased left for Helena, Montana, where she remained until the time of her death except for occasional visits to the respondent's home.

During the years between 1933 and the time of her death, the deceased owned certificates of deposit for monies deposited in the First National Bank of Dickinson, which certificates she left in the possession of the respondent. The respondent would have these certificates renewed from time to time. The deceased also made loans from the Dickinson bank, and on such occasions would have the respondent deliver the certificates of deposit to the bank as collateral. After the loans had been repaid, the certificates would be returned to the respondent in Mandan.

Upon her death, the estate of the deceased consisted of personal property only. There was some clothing worth approximately $100, a diamond ring, and $272 in cash together with some social security benefits at Helena, Montana; and the balance of her estate consisted of certificates of deposit for $8,200 issued by the First National Bank of Dickinson. These certificates were in the possession of the respondent Cecile Porter in Mandan.

Two issues are raised on this appeal:

1. Did the county court of Stark County have jurisdiction to probate the estate of Catherine M. Coleman?

2. Was the purported will of Catherine M. Coleman a conditional will, dependent upon a contingency to become operative, or was it a permanent, absolute will, not dependent on any condition?

█ Ordinarily, a testator's domicile at the time of his death determines the jurisdiction for a primary probate of his estate. McEwen v. McEwen, 50 N.D. 662, 197 N.W. 862.

Section 27–0706, and Subsection 1 of that section, North Dakota Revised Code of 1943, provides that the county court of a county shall have jurisdiction to take proof and probate of a will and to grant letters testamentary or letters of administration if:

"1. The decedent at the time of his death was a resident of such county, whether his death happened there or elsewhere; * * *"

█ The exception to this general rule is in situations where property of a nonresident is found in a county of this State, and such property remains unadministered. This exception is covered by Subsection 2 of Section 27–0706, which provides that the county court of a county shall have jurisdiction to take proof and probate of a will and to grant letters testamentary or letters of administration if:

"2. There is property within such county which remains unadministered and if the decedent at the time of his death was not a resident of this state, no matter where the death occurred; * * *"

In determining, therefore, whether the county court of Stark County had jurisdiction to probate the estate of Catherine M. Coleman, we must first determine whether there was property within Stark County, North Dakota, which remained unadministered at the time of the probate in Stark County. It is conceded that the only property which could possibly have had its situs in Stark County, and which could be considered as property within Stark County which remained unadministered, was the savings deposit in the First National Bank of Dickinson, in the sum of $8,200. It is further conceded that the certificates of deposit themselves were in the possession of the respondent Cecile Porter in Mandan, in Morton County of this State, on the death of the deceased.

The trial court found that the certificates of deposit were tangible personal property. This we believe to be erroneous. A certificate of deposit is evidence of a

debt; it is a chose in action, and as such is intangible personal property. The certificate itself has no value except in what it represents—a debt from the bank to the holder.

Generally, intangible personal property, such as evidences of debt and other choses in action, follows the person and, for the purpose of determining probate jurisdiction, has its situs at the domicile of the owner. 15 C.J.S. Conflict of Laws § 18, p. 928. There is a marked distinction between the situs of a chose in action for the purpose of jurisdiction and its situs for determining the rights of the parties thereto. Thus a debt may be considered as having a situs for the purpose of collection where the debtor may be found, but for purposes of ownership it has its situs at the domicile of the creditor. If the property in the certificates of deposit in the First National Bank of Dickinson had its situs either at the domicile of the deceased or at the place where the certificates were held, there would be no property within Stark County which would give the court of Stark County jurisdiction to take proof and probate of the will of the said deceased.

California has held that notes secured by mortgages, and executed by residents of the State of California, which notes and mortgages were the property of a nonresident at the time of his death, were not property having situs in the State of California since the situs of the notes and mortgages would be at the domicile of the owner. In re Layton's Estate, 217 Cal. 451. 19 P.2d 793, 91 A.L.R. 480.

In the case of Davis v. Upson, 230 Ill. 327, 82 N.E. 824, the testatrix was domiciled in a foreign State at the time of her death. She owned bonds of an Illinois corporation, such bonds being in the hands of her agent in the State of Illinois. The Illinois court held that the retention of the bonds within the State by the Illinois agent did not give the Illinois courts jurisdiction to probate the estate of the owner who had died domiciled in another State, since the property in the bonds followed the testatrix's person and was, in contemplation of law, at the time of her death, situated at her domicile.

In the case here before us, all parties concede that the domicile of the deceased was in Lewis and Clark County, Montana. The situs of the property represented by the certificates of deposit in question, for purposes of probate jurisdiction, would not be in Stark County even though the certificates of deposit were issued by the First National Bank of Dickinson. The certificates for such deposits, at the time of the death of deceased, were actually in the possession of the respondent at Mandan, North Dakota.

The trial court found that, although the certificates of deposit were in Morton County at the time of the death of deceased, the petitioner, by filing her petition for proof and probate of the will in Stark County, brought the certificates into the jurisdiction of the county court of Stark County at the time of filing her petition. Therefore, the trial court reasons, the certificates and the debt were in Stark County at the time of filing the petition, giving the county court of Stark County jurisdiction.

■ We believe that, for the purpose of determining whether a court has jurisdiction to grant probate of a will of a nonresident, the presence of property within the territorial jurisdiction of the court must be determined as of the date of death and not at any subsequent time when assets of the deceased may be brought into the jurisdiction of the court. 119 A.L.R. 506. If jurisdiction could be conferred by moving assets into a jurisdiction, it would make for uncertainty and confusion. If the situs of this property was not in Stark County, then of course there was no property within Stark County at the time of the death of the deceased and the county court of Stark County had no jurisdiction to probate the estate of said deceased.

 Since the property claimed to be in the State of North Dakota at the time of the death of the deceased had its situs elsewhere than in Stark County, since there was no property in Stark County which remained unadministered, and since the county court of Stark County had no jurisdiction to probate the will of said deceased, it is unnecessary for this court to pass on the second question raised by this appeal, to wit: Was the purported will of Catherine M. Coleman a conditional will, dependent upon a contingency to become operative, or was it a permanent, absolute will, not dependent on any condition? The construction of a will as to intangible personal property is governed by the law of the testator's domicile, although the law of the place where the property is situated governs the construction of a will where realty is involved. 95 C.J.S. Wills § 587, p. 718.

The judgment of the district court is reversed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.

On petition for Rehearing.

STRUTZ, Judge.

Petitioner and respondent has filed a petition for rehearing in this case, in which it is very ably argued that this court has held that a promissory note is "property"; that a promissory note is a negotiable instrument and that a certificate of deposit, also being a negotiable instrument, is therefore property and, as "property," being located in the State of North Dakota at the time of death of the decedent, it gives to the county court of the county where it is located jurisdiction to take proof and probate of a will and to grant letters testamentary or letters of administration. Petitioner and respondent further argues that the State of North Dakota has a vital interest in keeping jurisdiction of the assets of an estate which are found in North Dakota because it is important that the interests of the State be preserved in the collection of inheritance taxes upon property located within the State at the time of death of a nonresident. Petitioner and respondent argues that this court therefore should reconsider its decision in this case and grant a rehearing, and that on such rehearing the decision heretofore rendered be set aside and the appeal in this action dismissed.

 There is no doubt that a promissory note and a certificate of deposit, such as we have before us in this case, are property. The term "property" is a word of very broad meaning and includes obligations, rights, debts, and other intangibles as well as physical property. A certificate of deposit is intangible property and, as intangible property, it has its situs at the domicile of the owner regardless of where the certificate may be. As such intangible property, for the purpose of determining probate jurisdiction, where, as in this case, the rights of creditors are not in issue, it has its situs at the domicile of the deceased owner.

 The State of North Dakota does have a vital interest in keeping jurisdiction over the assets of estates of nonresidents, so that it might collect inheritance taxes on property located in this State at the time of the death of the owner. However, except in cases where the foreign State fails to grant similar rights to residents of this State, the State of North Dakota does not tax intangible property of a nonresident decedent. Sec. 57-3703, N.D.R.C.1943, as amended.

It follows that the decision heretofore rendered correctly states the law. The petition for rehearing therefore is denied.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.