[S. F. No. 7779.    Department Two.—February 16, 1917.]

## In the Matter of the Estate of ELIZABETH R. McMAHON, Deceased.

OLOGRAPHIC WILL—SUFFICIENCY OF SIGNING BY TESTATOR—ABSENCE OF SUBSCRIPTION.—A document testamentary in character and entirely in the handwriting of the writer, although not subscribed at the end thereof, is sufficiently signed to constitute its due execution as an olographic will, where in its exordium it declared, "This is the last will and testament of Elizabeth R. McMahon," the name of the writer, and concluded as follows: "I do hereby publish and declare the foregoing entirely written, dated and signed by my own hand, to be my last will and testament, this second day of January, 1912."

APPEAL from an order of the Superior Court of the City and County of San Francisco admitting a will to probate. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

W. A. Breen, and Mastick & Partridge, for Appellant.

Herbert Choynski, and James Raleigh Kelly, for Respondent.

HENSHAW, J.—In this case a written instrument was admitted to probate as the last will and testament of Elizabeth R. McMahon, deceased. The writing was unwitnessed and unattested. It was therefore olographic in its nature. In its exordium it declared: "This is the last will and testament of Elizabeth R. McMahon." Following this the writing contained certain specific bequests and devises, with a residuary clause, and a clause appointing an executor. It concluded as follows: "I do hereby publish and declare the foregoing, entirely written, dated and signed by my own hand, to be my last will and testament, this second day of January, 1912." No signature followed this declaration. No signature of the testatrix appeared in any other place upon the instrument saving in the exordium as above noted. Upon this showing the court entered its decree admitting the will to probate and from that decree this appeal is taken.

This court has very recently been called upon to consider the nature of the evidence permissible and sufficient to establish the due execution of an olographic will, where the signing thereof by the testator is not in the customary place at the end of the instrument. (*Estate of Manchester, ante,* p. 417, [163 Pac. 358].) The conclusion there reached and expressed is that it must be established upon the face of the offered instrument that it is a complete and executed document; that notwithstanding that the usual place of signing and so of evidencing this execution and completeness is at the end of the instrument, the signature of the testator found elsewhere than at the end may be, if circumstances warrant it, a signature of execution, but that the only evidence which will warrant this conclusion must be found in and on the instrument itself; or, in other words, that the proof of this cannot rest in parol, for to admit parol evidence (aside from the other legal evils which might readily be pointed out) is also to admit that the instrument in an essential element of its validity is equivocal, and therefore is not complete upon its face; and this admission is itself destructive of the instrument as a completed will, since only a will showing upon its face due and complete execution is entitled to probate. In the Manchester case the opening paragraph of the offered instrument declared: "I, Matilda Manchester, leave and bequeath," etc. It concluded with the following: "Whereunto I hereby set my hand this fourteenth day of January, 1914."

As this court necessarily concluded, such an attempted execution was at least equivocal. The language employed was in terms very similar and in effect identical with that found in the will discussed in *Waller* v. *Waller*, 1 Gratt. (Va.) 474, [42 Am. Dec. 564]. The language of the instrument here in question is much more definite and convincing to the effect not alone that the testatrix believed her will to be duly executed, which would of course have no controlling weight in the consideration of the question as to whether or not it was in law duly executed, but to the effect that she has sufficiently in law, on the face of the instrument, adopted the signature written by herself in the exordium of her will as her signature in execution of it. If she has done this and with sufficient exactitude has stated the fact, she has in legal effect declared that she has adopted her signature as written in the body of the will as being the signing of it in execution of it within the meaning of the code provision, and this would be sufficient to entitle the instrument to probate.

We hold that the testatrix in this case has sufficiently accomplished the object indicated. An absolute precision of execution is not expected in the case of an olographic will. What is required is a clear showing upon the face of the instrument of its execution in conformity with the law. In this case the difficulty arises over the fact that the signature is not found in the usual place at the bottom of the instrument. But the language last employed by the testatrix clearly indicates that the testatrix had concluded her writing and thus had completed the expression of her testamentary intent, and it is a most reasonable construction of that language to say that she adopted her signature in the exordium as her signature in execution of the will when she declares that "The foregoing, entirely written, dated and signed by my own hand" is her last will and testament.

So recently has this court discussed this question and reviewed the authorities that nothing further need be added, and, for the reasons given, the decree appealed from is affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.