EX PARTE FANNIE B. CARDOZO. IN THE MAT-
TER OF THE ESTATE OF WILLIAM MONCURE
ALEXANDER, Deceased.

*Will Written in Handwriting of Decedent—Witnessed But Not
Signed.*

An instrument which declares it to be the last will and testa-
ment of a person named, is all in the handwriting of such per-
son, including his name, shows no intention of attaching his sig-
nature at the end in order to complete it, and is duly attested by
the proper number of witnesses, is entitled to probate, even
though it is not signed at the bottom of the instrument, the Act
of 1884, Ch. 293 (Code, Art. 93, Sec. 323), not having changed
the pre-existing rule in this regard.                            p. 410

*Decided December 10th, 1919.*

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before BOYD, C. J., BURKE, THOMAS,
URNER, STOCKBRIDGE and ADKINS, JJ.

*Charles F. Stein,* with whom was *C. C. Fitzgerald,* for the
appellant petitioner.

*George W. Cameron* for the caveator, Warner T. McGuinn,
submitted the cause on brief.

ADKINS, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of
Baltimore, dated July 24th, 1919, dismissing the petition of
appellant and refusing to admit to probate a paper writing
purporting to be the last will and testament of William Mon-
cure Alexander, who died on the 10th day of April, 1919,
after an offer by appellant to prove that said paper was in
the handwriting of the alleged testator. The said paper writ-
ing is as follows:

"Baltimore, Md., April 28th, 1917.

"I, William Moncure Alexander, of the City of Baltimore, State of Maryland, being of sound and disposing mind and memory, do hereby make and publish this as and for my last will and testament, hereby revoking and making void every and all other will or wills by me at any time heretofore made, and first I devise and direct my executor or executrix hereafter named to pay all my just debts, funeral expenses and the expense incident to the administration of my estate as soon as reasonably may be after my decease.

"Second—I give, devise and bequeath to my beloved niece, Fannie B. Cardozo (Alexander), my home, house 1625 Druid Hill Ave., in the City of Baltimore, household effects and by library and five hundred dollars of my life insurance in the Maryland Life Insurance Company and fifty per cent. of any money in bank or anywhere else to my credit, providing the money to my credit be sufficient to pay the amounts to persons herein named in this my last will:

"To Warner T. McGuinn, my half-brother by mother, one hundred and fifty dollars; to Callie Ellen Starks (McGuinn), my beloved niece, one hundred dollars; to Alma McGuinn, my niece, fifty dollars; to Annie L. McGuinn, my sister-in-law, fifty dollars; to Edath Cardozo, my niece, fifty dollars; to Henry Garet McGuinn, my nephew, twenty-five dollars; to Robert McGuinn, my nephew, twenty-five dollars; to the Mary Baptist Orphanage for Colored Children, if it is in existence, fifty dollars; to Clayton Williams University, if it is in existence, fifty dollars.

"Third—I do hereby nominate my niece, Fannie B. Cardozo, to be the executrix of this my last will and testament, without bond, to whom I bequeath any and all the money. if any more than the amounts to persons named in this will, including herself.

"Signed, sealed, published and declared by William Moncure Alexander, the above named testator, as and for his last will and testament, in the presence of us.

who, at his request, in his presence of each other, have
hereunto subscribed our names as witnesses.

"Jas. E. Herndon.
"Henry Gardner.
"William T. Robinson.

"Filed April 20, 1919.

"Howard W. Jackson,
"Register."

It appears from the record that Fannie B. Cardozo, who
was the principal beneficiary under the alleged will, and also
the executrix, and who filed a petition asking that said paper
be admitted to probate, offered to prove that the paper writing
referred to in the third paragraph of her said petition was
wholly in the handwriting of the said William Moncure Alex-
ander, except the signature of the witnesses, James E. Hern-
don, Henry Gardner and William T. Robinson; that the said
James E. Herndon, Henry Gardner and William T. Robin-
son each signed his name to the said paper writing as a wit-
ness, in the presence of, and at the request of, William Mon-
cure Alexander, and in the presence of each other; also that
the Court refused to hear any testimony in support of said
offer and declined to admit the said paper writing to probate
as the will of the said William Moncure Alexander, for the
reason that the said Alexander had not signed the said paper
writing as required by the laws of the State of Maryland.

The single question to be decided by us, therefore, is, is it
necessary to constitute a valid will in Maryland that the
name of the testator shall be signed at the bottom of the will,
notwithstanding that the paper is in his handwriting, pur-
ports to be his last will and testament, and there is nothing
in the will to indicate that he intended to attach his signature
at the end of the paper before it should become a completed
instrument, and when the will is properly attested? That
question has not been passed on by this Court since the Act
of 1884, Ch. 293 (Code, Art. 93, Sec. 323), was passed.
That section is as follows:

"All devises and bequests of any lands, or tenements, or interest therein, and all bequests of any goods, chattels or personal property of any kind, as described in Section 319, shall be in writing and signed by the party so devising or bequeathing the same, or by some other person for him, in his presence and by his express direction, and shall be attested and subscribed in the presence of the said devisor by two or more credible witnesses, or else they shall be utterly void and of none effect."

It will be seen that the only change made by that enactment to the law as it had stood in Maryland for nearly a hundred years was to put real and personal property on the same footing in regard to the formalities of execution, and to reduce the number of witnesses to two. *Tabler* v. *Tabler,* 62 Md. 615. Exactly the same language as to signing is used as appears in the Act of 1798, Ch. 101, and in the Statute of Frauds, 29 Car. II, Ch. 3, Sec. 4.

This Court, in *Higdon et al.* v. *Thomas,* 1 H. & G. 139, decided in 1827, had before it the question of the necessity of signing at the bottom a contract for the sale of lands in order to comply with 29 Car. II, Ch. 3, Sec. 4, as to signing a memorandum. Judge Dorsey in that case, speaking for the Court, refers to the case of *Lemayne* v. *Stanley,* 3 Lev. 1, as one of the first cases upon the subject of frauds, and in which it was decided that a will of lands in fee, in the handwriting of the testator, beginning "In the name of God, Amen. I, John Stanley, make this my last will and testament," etc., not subscribed by the testator, but subscribed by three witnesses in his presence, was a good will; and quotes from the opinion in the English case, as follows:

"For being written by himself, and his name in the will, 'tis a sufficient signing within the statute, which does not appoint where the will shall be signed, at the top, bottom or margin, and therefore a signing in any part is sufficient." Judge Dorsey adds: "This case (*Lemayne* v. *Stanley*)

turned on the construction of the fifth section of the Statute of Frauds. The case before us depends on the interpretation of the fourth section, but the phraseology of both sections, as respects signing, is equally imperative, and substantially the same."

Neither the ruling nor the reasoning of JUDGE DORSEY in the *Higdon case* has ever been questioned in this State, and the change in the law since the date of that case is not of such a character as to require a departure from the rule there established.

For cases in other States see 40 *Cyc.* 1104 f, and cases cited in 29 *L. R. A.* p. 63 and 46 *L. R. A.* p. 552.

It follows that the Orphans' Court erred in refusing to permit the appellant to prove that the paper writing offered for probate was in the handwriting of the testator, and that its order dismissing the petition of appellant and refusing to admit the alleged will to probate, without hearing the evidence offered, must be reversed.

> *Order reversed and case remanded, costs to be paid out of estate.*