[Civ. No. 5838. Second Appellate District, Division One.—September 19, 1927.]

In the Matter of the Estate of ANNA ENGLAND, Deceased. L. E. ENGLAND et al., Appellants, v. FRANK BRYSON, Public Administrator, etc., Respondent.

Page, Nolan, Rohe & Freston, Hurt & Howard, Louis P. Pink and Sydney Wetzler for Appellants.

John J. McMahon, William Fleet Palmer and Clyde E. Holley for Respondent.

McLUCAS, J., *pro tem.*—Letters of administration with the will annexed were issued to the proponent. Appellants filed a contest of the will and appeal from the judgment declaring the will to be valid and denying the contest.

The ground of the contest is that the will was not entirely written, dated, and signed by the hand of the testatrix, Anna England. No signature appears at the end of the

document, which it is conceded by appellant is entirely in the handwriting of the decedent. The name "Anna England" appears in the caption only, and the question before this court on appeal is whether the decedent by writing her name in said place thereby "signed" the will. A photostatic copy of the document is here produced.

The decision of this case is controlled by a recent decision of a very similar case, *Estate of Morgan,* 200 Cal. 400 [253

Pac. 702], wherein it is said, at page 401: "This court has, upon a number of occasions very recently, been called upon to consider the nature of the evidence permissible and sufficient to establish the due execution of an olographic will, where the signing thereof by the testator is not in the customary place at the end of the instrument. The conclusion reached and adhered to in the decisions is that it must be established upon the face of the offered instrument that it is a complete and executed document; that notwithstanding that the usual place of signing, and so of evidencing due execution and completeness, is at the end of the instrument, the signature of a testator found elsewhere than at the end may be, if circumstances warrant it, a signature of execution, but that the only evidence which will warrant this conclusion must be found in and on the instrument itself. (*Estate of McMahon*, 174 Cal. 423 [L. R. A. 1917D, 778, 163 Pac. 669].) As stated in another case: 'The rule, as we conceive it to be, is that, wherever placed, the fact that it was intended as an executing signature must satisfactorily appear on the face of the document itself. If it is at the end of the document, the universal custom of mankind forces the conclusion that it was appended as an execution, if nothing to the contrary appears. If placed elsewhere, it is for the court to say, from an inspection of the whole document, its language as well as its form, and the relative position of its parts, whether or not there is a positive and satisfactory inference from the document itself that the signature was so placed with the intent that it should there serve as a token of execution. If such inference thus appears, the execution may be considered as proven by such signature.' (*Estate of Manchester*, 174 Cal. 417, 421 [163 Pac. 358]; see, also, *Estate of Streeton*, 183 Cal. 284, 288 [191 Pac. 16]; *Estate of Bernard*, 197 Cal. 36, 38 [239 Pac. 404]; *Estate of Devlin*, 198 Cal. 721 [247 Pac. 577].)"

As in the foregoing case, so in the present case, the will in question makes complete disposition of the property. It in all respects appears to be a completed document. It lacks punctuation throughout, and the fact that no period appears at the end of the concluding paragraph does not indicate that the document was incomplete, since the testatrix did not use periods in closing other paragraphs and sentences in the will. If the words "Last Will of

Anna England'' appeared at the end of the will, all doubt that the signature was intended to be and was adopted as the final executing signature in authentication of and in execution of the document as a completed testamentary act would be removed. Viewing the instrument as a whole, we are of the opinion that by the use of these words in the beginning of the instrument, it was the intention of the testatrix to thereby execute the document as a will. We are satisfied that the finding of the probate court that the signing of the document by the deceased at the beginning was intended as a signature, and that the said instrument was valid, is sustained by the inferences arising from an inspection of the document itself.

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.