[S. F. No. 14083. In Bank.—October 24, 1931.]

In the Matter of the Estate of ELIZABETH RYAN BROOKS, Deceased. PHIL C. KATZ, Special Administrator, etc., et al., Respondents, v. JOSEPH RYAN et al., Appellants.

Charles S. Wheeler, Charles S. Wheeler, Jr., Walter Slack and Brice Toole for Appellants.

Henry F. Boyen for Respondents.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, First Appellate District, Division Two. Upon further consideration we are satisfied with the disposition of the cause made by said court, and we hereby adopt the opinion of Mr. Justice Sturtevant as the opinion of this court. It reads as follows:

"The public administrator of San Francisco filed a petition asking that a purported will be admitted to probate and that he be appointed administrator with the will annexed. After due notice certain heirs appeared and filed a written opposition. To that pleading the administrator filed an answer and on the issues so made a trial was had before the trial court. It made findings of fact in favor of the public administrator and in its conclusions of law it found that the purported will was the last will and testament of the deceased and that the public administrator was entitled to letters of administration with the will annexed. From a judgment entered thereon two of the heirs have appealed and have brought up a bill of exceptions. The bill of exceptions shows that the only evidence introduced in the trial court consisted of a showing as to the will being in the handwriting of the deceased and evidence as to the kith and kin of the deceased and evidence identifying the beneficiaries named in the will.

"On this appeal there is but one point made. The contestants claim that the trial court erred in applying the law to the purported will and ordering it admitted to probate. The public administrator claims that the trial court made no error. A photographic copy of the purported will is contained in the transcript. It is as follows:

" 'Sept. 12—1929

" 'This is my will—Elizabeth Ryan Brooks
To my sister—Mrs. W L Perkins—857—
Lincoln Ave. St Paul Minesoto—I give five
Shares of A. T. T. Stock—
To Miss Alice Newman 641 O'Farrall St. S. F
I give five Shares of A. T. T Stock—
To Miss Elizabeth Susan OBrien 857—
Lincoln Ave St-Paul Minn—five Shares of

Great Western Power Stock—
To Mrs Joseph Ryan, 2426 Howard N.
Seattle Wash. Twenty Shares of Calif Edison
Stock—
To Mrs Mary Springer Allen 2100 Bay St—
S. F four Shares of Paraffin Stock

To my Sister Mary Elen Ryan Chicago I give
$1.00
To my brother T. A Ryan $1.00'

"It will be noted that the writer did not end the instrument with a period. However, it will also be noted that with few exceptions numerous periods and punctuation marks are omitted. The will does not contain a residuary clause nor does it show that the decedent possessed any other properties than those mentioned in the will. On the face of the document between the expression giving a legacy to Mrs. Mary Springer Allen and the expression giving a legacy to Mary Ellen Ryan the writer left two blank lines. The ending is abrupt and without a period. The first line: 'This is my will—Elizabeth Ryan Brooks' is quite out of the ordinary. If it had been the last expression instead of the first there would be no question remaining in the case to be determined. The respective counsel cite and rely on the decisions in recent cases. As to some points both counsel cite the same case. It is now well settled that in determining whether a certain writing is an holographic will the fact 'must be established upon the face of the offered instrument that it is a complete and executed document; that notwithstanding that the usual place of signing and so of evidencing this execution and completeness is at the end of the instrument, the signature of the testator found elsewhere than at the end may be, if circumstances warrant it, a signature of execution, but the only evidence which will warrant this connection must be found in and on the instrument itself . . . ' (*Estate of McMahon,* 174 Cal. 423, 424 [L. R. A. 1917D, 778, 163 Pac. 669].) In applying the rule in some cases the court found that the instrument before the court contained words showing that the writer *had done everything* that he intended to do. (*Estate of McMahon, supra; Estate of Morgan,* 200 Cal. 400 [253 Pac. 702]; *Estate of England,* 85 Cal. App. 486

[259 Pac. 956]; *Estate of Sullivan,* 94 Cal. App. 674, 677 [271 Pac. 753].) At least one of the cases turned on the fact that the signature was at the top and not at the end of the purported will, but there was no room on the paper for the writer to sign at the end. (*Estate of Streeton,* 183 Cal. 284, 288 [191 Pac. 16].) Some other cases turned on the fact that there was on the face of the instrument something *showing affirmatively that the writer had not finished doing the things he intended to do.* (*Estate of Manchester,* 174 Cal. 417, 418 [Ann. Cas. 1918B, 227, L. R. A. 1917D, 629, 163 Pac 358]; *Estate of Devlin,* 198 Cal. 721, 726 [247 Pac. 577].) Again some cases turned on the fact that on the face of the instrument *there was nothing showing affirmatively* that the writing of his name by the writer in the exordium was by him intended as a signature. (*Estate of Bernard,* 197 Cal. 36, 40 [239 Pac. 404]; *Estate of Hurley,* 178 Cal. 713, 714 [174 Pac. 669].) ■ We think the instrument before us falls partly under both of the classes just enumerated. The first sentence 'This is my will—Elizabeth Ryan Brooks' has probative force to uphold the inference that the name of the decedent was written with the intention of evidencing the fact that the document was her fully executed completed will. The gap or unwritten space mentioned above, the absence of a period at the end, the omission of a residuary legacy clause, and the failure to name an executor are facts on which an inference may be founded that the document was not intended as a will. Now it will be conceded, as contended by the respondent, that 'it is the peculiar and exclusive province of the trial court or trial jury in the first instance to make such finding of fact, and it is especially the right of every litigant to have all facts so determined by court or jury', this court sitting only to review the findings and being empowered to set them aside as matter of law only when not sustained by adequate evidence (*Ryder* v. *Bamberger,* 172 Cal. 791, 799 [158 Pac. 753]). *Estate of Streeton,* 183 Cal. 284, 289 [191 Pac. 16], applies that rule to such cases as the one before us. Then in *Mah See* v. *North American Accident Ins. Co.,* 190 Cal. 421, 426 [26 A. L. R. 123, 213 Pac. 42, 44], the court said: 'In so far as the evidence is subject to opposing inferences, it must upon a review thereof be regarded in the light most favorable to the sup-

port of the judgment.' Under the circumstances mentioned we are unable, as a matter of law, to say the trial court erred by drawing the wrong inference.''

The order is affirmed.