[Sac. No. 5299.   In Bank.—August 12, 1940.]

In the Matter of the Estate of ANNA LEONA GRAVES KINNEY, Deceased.   KEITH KINNEY, as Administrator, etc., Appellant, v. JOHN B. GARDELLA, as Administrator, etc., et al., Respondents.

Taft & Spurr for Appellant.

Clark, Nichols & Eltse and Snyder & Snyder for Respondents.

SHENK, J.—A document was admitted to probate as the holographic will of Anna Leona Graves Kinney, deceased. The court denied a petition filed by the surviving husband for revocation of the order. A motion for a new trial was also denied. This appeal is from the order dismissing the petition for revocation of the order admitting the will to probate and confirming the previous order admitting it.

The writing, including the date thereon, is entirely in the hand of the decedent. The principal question is whether it was signed so as to entitle it to be filed as a will. The writing is as follows:

"July 19–1934

"I Anna Leona Graves Kinney,
do bequeath all my possessions
to my four sisters who were
living in 1923.
They are:
Mrs. Joe Ella Graves Yeargin
    Nashville Tenn..
Mrs. Cora Graves Hall
    Sunnyside Davidson Co. Tenn..
Mrs. Maggie Odessie Graves Eng-
lishman, Nashville Tenn..
Miss Mary Almedia Graves,
    Nashville Tenn.."

The writing covered one side of a sheet of paper of a light grey color. It was begun close to the top of the page and extended without margin on either side. A margin of over two inches remained at the bottom of the sheet. The only place where the decedent wrote her name was at the beginning, as shown above. The writing when found was enclosed in an envelope of the same color, texture and width. On the outside of the envelope was written in the decedent's handwriting, "The will of Mrs. Anna Leona Graves Kinney."

As to a holographic will the statute requires that it be "entirely written, dated, and signed by the hand of the testator himself". (Sec. 53, Prob. Code, formerly sec. 1277, Civ. Code.) Unlike a witnessed will, which must be "subscribed at the end thereof" (sec. 50, Prob. Code, formerly sec. 1276, Civ. Code), the authenticating signature of the testator is not required to be at the end, but may be found elsewhere

in the body of the testamentary document.  (*Estate of Johnson,* Myrick's Probate, 5; *Estate of Barker,* Myrick's Probate, 78; *Estate of Donoho,* Myrick's Probate, 140; *In re Stratton,* 112 Cal. 513, 519 [44 Pac. 1028]; *Estate of Camp,* 134 Cal. 233, 237 [66 Pac. 227]; *Estate of McMahon,* 174 Cal. 423 [163 Pac. 669, L. R. A. 1917D, 778]; *Estate of Streeton,* 183 Cal. 284 [191 Pac. 16]; *Estate of Morgan,* 200 Cal. 400 [253 Pac. 702]; *Estate of Brooks,* 214 Cal. 138 [4 Pac. (2d) 148]; *Estate of England,* 85 Cal. App. 486 [259 Pac. 956]; *Estate of Sullivan,* 94 Cal. App. 674 [271 Pac. 753]; *Estate of Bauman,* 114 Cal. App. 551 [300 Pac. 62]; see, also, *Re Norris,* 221 Mich. 430 [191 N. W. 238, 29 A. L. R. 884, and cases cited in note].)

The contestant relies on *Estate of Manchester,* 174 Cal. 417 [163 Pac. 358, Ann. Cas. 1918B, 227, L. R. A. 1917D, 629], *Estate of Hurley,* 178 Cal. 713 [174 Pac. 669], *Estate of Bernard,* 197 Cal. 36 [239 Pac. 404], *Estate of Devlin,* 198 Cal. 721 [247 Pac. 577], and *Estate of Leonard,* 1 Cal. (2d) 8 [32 Pac. (2d) 603]. In each of those cases it was determined that the holographic testamentary writing involved was not entitled to be filed as a will because it was not signed by the author thereof. The rule followed in those cases is stated in *Estate of Manchester* at page 421 as follows: ''The true rule, as we conceive it to be, is that, wherever placed, the fact that it was intended as an executing signature must satisfactorily appear on the face of the document itself. If it is at the end of the document, the universal custom of mankind forces the conclusion that it was appended as an execution, if nothing to the contrary appears. If placed elsewhere, it is for the court to say, from an inspection of the whole document, its language as well as its form, and the relative position of its parts, whether or not there is a positive and satisfactory inference from the document itself that the signature was so placed with the intent that it should there serve as a token of execution. If such inference thus appears, the execution may be considered as proven by such signature.'' In that case the decedent placed his name at the beginning of the first sentence, but the order admitting the writing to probate as a will was reversed because the instrument on its face showed that he intended to sign it at the end and then failed to do so. In *Estate of Hurley, supra,* likewise the order refusing to revoke probate was reversed. There the name of the

decedent was placed by her at the beginning of the writing, but the face of the document showed that she had ceased writing before she had completed the declaration of her intentions, and therefore that she did not regard the instrument as a completed testament. The same may be said of *Estate of Leonard, supra,* where the court affirmed an order denying admission to probate of a proffered holographic writing. In *Estate of Bernard, supra,* the decedent wrote her name at the beginning of her declaration, but the instrument ended abruptly without a punctuation mark, indicating that she had not completed her testamentary declaration. This court affirmed the order revoking the order admitting the instrument to probate as a will. In *Estate of Devlin, supra,* an order admitting a holographic writing to probate as a will was reversed. The decedent had placed his name at the beginning of the writing but the instrument likewise showed on its face that he had not completed the testamentary act.

It is the contention of the contestant that there must be some affirmative expression by the person writing the holographic document to the effect that the name written at a place other than at the end was adopted as and for an executing signature. The cases relied upon by the contestant are not to be construed as holding that such an affirmative expression is required where otherwise the will appears to be a completed testamentary expression. This court obviously did not intend to extend the rule of the Manchester case by what was said in *Estate of McMahon, supra.* In the latter case the language of the testator did affirmatively express the adoption of her name written at the beginning as her signature to the will.

■ It is for the probate court in the first instance to say whether the document was "signed" by the decedent, and its determination will not be disturbed unless it is without support in the evidence. (*Estate of Manchester, supra; Estate of Streeton, supra; Estate of Brooks, supra; Estate of Bernard, supra,* at p. 42, citing additional cases.) ■ Whenever it has appeared that a holographic testamentary instrument was a completed declaration of the decedent's desires, such an instrument has been admitted to probate although the decedent wrote his name only in the beginning of the declaration. This has been so even where there was no expression by the testator affirmatively adopting the name so placed as

his signature to the will. Completeness alone has been held sufficient evidence of the adoption of the name so placed as the authenticating signature of the testator and as a compliance with the statute which requires the will to be "signed". (*Estate of Donoho, supra; Estate of Streeton, supra; Estate of Brooks, supra; Estate of Bauman, supra;* also *Estate of England* and *Estate of Sullivan, supra.*)

In *Estate of Brooks, supra,* as also in *Estate of Morgan, Estate of Bauman* and *Estate of Sullivan, supra,* the cases relied upon by the contestant were distinguished by reason of the fact that it did not appear from the instruments offered in probate therein that the declarants had done everything they intended to do; that for that reason the writings were shown not to be completed; and that therefore it could not be inferred therefrom that the decedents intended that their names placed elsewhere than at the end should be executing signatures.

■ The writing here involved appears to be a complete testamentary declaration. It was written with studied care, indicated by the fact that the decedent copied into her will the names and addresses of her sisters who were living at the time stated; by the correction of the year in that respect from 1933 to 1923; and by the manner in which certain letters were retraced. The fact that sufficient space remained on the paper to include additional writing if the decedent intended any further declaration is also some evidence of finality and completeness. Formal provisions, including the appointment of an executor, were not necessary to the completed will. (See *Estate of Brooks, supra.*)

■ The contestant contends that the envelope in which the writing was found should not be received as a part of the will nor be entitled to consideration in determining whether the name written on the testamentary document was an executing signature. In the case of *In re Manchester, supra,* it was held that such an inscription could not cure any defect in the execution of the will. The respondent refers to *In re Sullivan, supra* and *Alexander* v. *Johnston,* 171 N. C. 468 [88 S. E. 785]. However, the probate court in the present case did not receive the envelope in evidence nor admit it as a part of the will. It appears that it was not considered by the court and is not a part of the record for the purpose of determining whether there is support for the finding that the

instrument was signed, or that it constituted a completed declaration. Inasmuch as the court did not receive the envelope for any purpose whatsoever, we deem it unnecessary to discuss the points raised by counsel in connection therewith. The written testamentary declaration alone was sufficient support for the court's determination that it was a completed declaration and therefore that the name written at the beginning thereof was so written with authenticating intent and the instrument was signed within the meaning of the statute.

From the earliest consideration of the question, completeness of the testamentary declaration has been deemed sufficient evidence of the "signing" of the writing, even though the declarant's name was written by him at a place other than at the end. The injunction that statutory requirements must be complied with is, of course, to be fully observed, but where the statute does not require that the will be subscribed or signed at the foot or end thereof, courts in other jurisdictions have likewise held such instruments to be validly executed wills. (See 1 Jarman on Wills, 6th ed., p. 109; *Lemayne* v. *Stanley*, 3 Lev. 1, 83 Eng. Reprint, 545; *Lawson* v. *Dawson's Estate*, 21 Tex. Civ. App. 361 [53 S. W. 64]; *In re Johnson's Estate*, 209 Iowa, 757 [229 N. W. 261]; see, also, *Thrift Trust Co.* v. *White*, 90 Ind. App. 116 [167 N. E. 141, 168 N. E. 250]; *Meads* v. *Earle*, 205 Mass. 553 [91 N. E. 916, 29 L. R. A. (N. S.) 63]; *Ex parte Cardozo*, 135 Md. 407 [109 Atl. 93].)

The order is affirmed.

Carter, J., Spence, J., *pro tem.*, Curtis, J., Gibson, C. J., Houser, J., and Edmonds, J., concurred.