[Civ. No. 12971.   Second Dist., Div. One.—July 9, 1941.]

Estate of BELLE KAMINSKI, Deceased. LOUIS GROS, Appellant, v. MILTON GROSTEIN, Respondent.

Geo. H. Crandell and Earl F. Crandell for Appellant.

Loewenthal & Elias for Respondent.

YORK, P. J.—Belle Kaminski died leaving an instrument testamentary in character.   After a contest initiated by appellant, who is a brother of decedent, the trial court found said instrument to be a valid holographic will, and with the exception of two names appended thereto, that "said document was entirely written, dated and signed by the hand of the testatrix herself."   .

From the judgment admitting said document to probate as the last will and testament of said decedent, and directing that letters testamentary be issued to respondent Milton Grostein, another brother of testatrix, this appeal is prosecuted.

Said testamentary instrument reads as follows:

"Last will and testament of Belle Kaminski, Dec. 8–1937 of

Los Angeles, Cal. Age 70 yrs. old & being of sound & disposing mind and memory & not acting under menace fraud or undue influence of any person whatever, do make publish and declare this my last will & testament in the manner following, that is to say

"Patsy Gene Grostein.......................$5000
"Rena Weil .............................. 3000
"Henry Grostein ......................... 5000
"Milton Grostein ......................... 5000
"Mollie Snyder .......................... 500
"Gregg F. Bridges........................ 1000

for pleasures he gave me while on earth.

Milton Grostein to get my share of the Grostein estate & anything else left of my bonds etc.

"My clothes etc. give away to whom you please.

"Chloroform my dog when I am gone. Rena & Milton do with everything else you think fit.

Tell no one of this will.

My diamond watch to Patsy Gene, also the bow-knot pin. My ring one stone to Rena & one to Milton.

If necessary give Louie 5.00.

Witnesses. W. Bert Raymond
Phylenna Palmer

Have my body cremated & the ashes sent to Lewiston with Milton & a very small marker is all."

It is urged by appellant that the evidence is insufficient to support the findings of the trial court to the effect (1) that the document was entirely written, dated and signed by the testatrix herself; (2) that the document is a completed and finished document and that the signature appearing on the first line was intended by the deceased as a signature of execution; (3) that the document was intended by deceased to be her last will; (4) that the document is an holographic will; and also that the court erred in admitting the document to probate as the last will and testament of Belle Kaminski.

In connection with his first point, appellant contends that the "most credible evidence, as well as the document itself, is conclusive" of the fact that the words, "If necessary give Louie 5.00" and "Witnesses", were not written by deceased.

Of the several witnesses examined upon the subject of testatrix's handwriting, among whom was a handwriting expert, appellant was the only one who testified to an opinion

that the questioned portion of the will was not written by testatrix. When asked to state upon what he based his opinion that these words were written in a different handwriting than the balance of the will, appellant replied: ''All I know is it is different. It is a different handwriting. It is much plainer. It is written plainer and it is much— Well, that is all I can say.''

The record discloses that the will was found, after testatrix's death, in her safe deposit box when it was opened by the bank manager in the presence of respondent Milton Grostein and a representative of the State Inheritance Tax Department; that the questioned portion was contained in the document when it was removed from the box, a copy of which, made by the bank immediately upon its removal from the safe deposit box, having been introduced in evidence at the trial herein; and that the original will was forwarded to the head office of the bank and thereafter deposited with the county clerk.

The contest initiated by appellant raised the issue of the authenticity of the handwriting of testatrix, and the finding by the trial court upon conflicting evidence that ''with the exception of the names 'W. Bert Raymond', and 'Phylenna Palmer', appearing on said document, said document was entirely written, dated and signed by the hand of the testatrix herself,'' must be deemed conclusive on appeal. (*Estate of Jepson*, 178 Cal. 257 [172 Pac. 1107].) In the cited case it is stated at page 260: ''A court of appellate jurisdiction cannot be expected to assume the role of a handwriting expert, for the purpose of setting aside a finding made by the trial court, and based, not only upon its own inspection and comparison of the original writings, but upon the opinions of witnesses peculiarly qualified, either by special study of the subject or by familiarity with the handwriting of the decedent.''

Appellant also contends that the name of testatrix written by her in the first line of the purported will does not constitute a proper signature.

This question was raised in *Estate of Kinney*, 16 Cal. (2d) 50 [104 Pac. (2d) 782], involving a will in which the name of decedent was written at the beginning thereof only. It was there held, at page 52: ''As to a holographic will the statute requires that it be 'entirely written, dated and signed

by the hand of the testator himself.' (Sec. 53, Prob. Code, formerly sec. 1277, Civ. Code.) Unlike a witnessed will, which must be 'subscribed at the end thereof' (sec. 50, Prob. Code, formerly sec. 1276, Civ. Code), the authenticating signature of the testator is not required to be at the end, but may be found elsewhere in the body of the testamentary document. (Citing numerous authorities.) . . . It is for the probate court in the first instance to say whether the document was 'signed' by the decedent, and its determination will not be disturbed unless it is without support in the evidence. (Citing authorities.) Whenever it has appeared that a holographic testamentary instrument was a completed declaration of the decedent's desires, such an instrument has been admitted to probate although the decedent wrote his name only in the beginning of the declaration. This has been so even where there was no expression by the testator affirmatively adopting the name so placed as his signature to the will. Completeness alone has been held sufficient evidence of the adoption of the name so placed as the authenticating signature of the testator and as a compliance with the statute which requires the will to be 'signed'.'' (Citing authorities.)

The writing here involved was written with studied care, and appears to be a complete testamentary expression of testatrix's desires. It was so found by the trial court. Formal provisions, including the appointment of an executor, were not necessary to the completed will. (*Estate of Kinney, supra,* citing *Estate of Brooks,* 214 Cal. 138 [4 Pac. (2d) 148].)

A careful examination of the entire record has satisfied us that appellant's attack upon the trial court's findings is entirely without merit.

The judgment is affirmed.

Doran, J., and White, J., concurred.