[Civ. No. 16212. Second Dist., Div. One. Mar. 16, 1948.]

Estate of ESTELLA GARDENER, Deceased. MINNIE M. FOSTER, Appellant, v. DOROTHY MATHEWS et al., Respondents.

Guthrie, Lonergan & Jordan and John B. Lonergan for Appellant.

Geo. W. Rochester and Joseph L. Fainer for Respondents.

BARTLETT, J. pro tem.—This is an appeal from an order of the superior court admitting an instrument dated March 10, 1947, to probate as the last will of Estella Gardener, deceased. The record on appeal is presented in an agreed statement on appeal to which is attached a photostatic copy of the document. From that agreed statement we quote the following:

"The decedent, a woman of seventy-seven years of age, was struck and knocked to the pavement by a motor vehicle on Saturday, March 8, 1947. She suffered a broken hip and was taken to her home, where someone stayed with her Saturday night. Dorothy Mathews, one of the respondents, stayed with the decedent on Sunday night. Mrs. Gardener was awake most of the night so that Mrs. Mathews had a total of one hour of sleep during the night. Mrs. Gardener was never out of bed after being brought to her home, and at 7:30 a. m. on Monday morning, March 10, she wrote in her own hand the document admitted to probate by the Superior Court, . . . . Dorothy Mathews saw Mrs. Gardener write the document and put it in the envelope. Eleatra Hyatt, one of the respondents, arrived after Mrs. Gardener had written the document and saw the envelope after Mrs. Gardener had sealed it and written her name on the envelope. It was not until Eleatra Hyatt was talking to the bank officer and he inquired if it was a will did Mrs. Gardener tell Eleatra Hyatt it was her will in the envelope. Mrs. Gardener died April 20, 1947, apparently as the result of the injuries sustained in the accident. After her death, her safe deposit box at a bank was opened and the document dated March 10, 1947, was found sealed in the envelope in which the decedent had had it placed prior to her death. The bank officers delivered the envelope and document to the County Clerk for filing."

The document itself reads as follows:

"Compton Calif March 10th 1947

"I Mrs. Estelle Gardener 433 West Laurel Street do give devise and bequeth Mrs. Dorothy Mathews and Mrs. Eleatra Hyatt of Compton all of belongs should they outlive me conststing of House Lot all Household Furnishings Trunk and Clothing now situated of 433 West Laurel Stret Compton Calif I hold possession and Life Tenancy of the Property during my Life My only and Last will and Testament Signed this 10th Day of March 1947

Compton Calif 433 West Laurel St"

The court found that the document was entirely written, dated and signed by the testatrix. Appellant contends that the instrument was not signed by the testatrix and therefore was not a valid holographic will. She bases her entire argument on the authority of *Estate of Manchester,* 174 Cal. 417 [163 P. 358, Ann.Cas. 1918B 227, L.R.A. 1917D 629], and the rule stated in that case and the later case of *Estate of Kinney,* 16 Cal.2d 50 [104 P.2d 782], that where the signature does not appear at the end then it must appear from the face of the instrument itself the decedent had done everything she intended to do.

The decedent in the *Estate of Manchester, supra,* placed his name at the beginning of the first sentence, but the court held that the instrument offered for probate showed on its face that he had intended to sign at the end and failed to do so. For that reason the court reversed an order admitting the will to probate. In its opinion, the court, referring to cases where the signature did not appear at the end, stated:

"If placed elsewhere, it is for the court to say, from an inspection of the whole document, its language as well as its form, and the relative position of its parts, whether or not there is a positive and satisfactory inference from the document itself that the signature was so placed with the intent that it should there serve as a token of execution. If such inference thus appears, the execution may be considered as proven by such signature."

This rule has been followed ever since.

In *Estate of Kinney, supra,* the document in question started with the words, "July 19, 1934, I, Anna Leona Graves Kinney, do bequeath all my possessions to my four sisters who were living in 1923"; then followed the names of the four sisters. The only place where the decedent wrote her name was in the exordium. The decision upheld the order of the trial court admitting the writing to probate as a holographic will. In its opinion, the court states, at page 54:

"It is for the probate court in the first instance to say whether the document was 'signed' by the decedent, and its determination will not be disturbed unless it is without support in the evidence. (*Estate of Manchester, supra* [174 Cal. 417 (163 P. 358, Ann. Cas. 1918B 227, L.R.A. 1917D 629)]; *Estate of Streeton, supra* [183 Cal. 284 (191 P. 16)]; *Estate of Brooks, supra* [214 Cal. 138 (4 P.2d 148)]; *Estate of Bernard, supra,* [197 Cal. 36 (239 P. 404)], at p. 42, citing additional cases.) Whenever it has appeared that a holographic

testamentary instrument was a completed declaration of the decedent's desires, such an instrument has been admitted to probate although the decedent wrote his name only in the beginning of the declaration. This has been so even where there was no expression by the testator affirmatively adopting the name so placed as his signature to the will. Completeness alone has been held sufficient evidence of the adoption of the name so placed as the authenticating signature of the testator and as a compliance with the statute which requires the will to be 'signed.' ''

In *Estate of Kaminski*, 45 Cal.App.2d 779 [115 P.2d 21], the only place in which the decedent's name occurs is in the opening words of the document as follows: ''Last will and testament of Belle Kaminski, December 8-1937 of Los Angeles, Calif.'' She then sets forth various bequests. An order admitting the instrument to probate as an holographic will was upheld, the court stating, ''The writing here involved was written with studied care and appears to be a complete testamentary expression of testatrix's desires. It was so found by the trial court.''

In the instant case, a probate court has found that the document was ''signed'' by the decedent and it cannot be said that this determination is without support in the evidence. There is no space left for a signature between the body of the instrument and the concluding words ''signed'' and the date and the address of the decedent. Additional space, however, did remain on the paper sufficient to include additional writing, if the decedent intended any further declaration. As held in *Estate of Kinney, supra*, this is some evidence of finality. Furthermore an inspection of the document shows it to have been written with care and that it is a complete declaration of the desires of the testatrix.

The order admitting the will to probate is affirmed.

Doran, Acting P. J., and White, J., concurred.