[Civ. No. 359.   Fifth Dist.   Oct. 30, 1964.]

Estate of ETHEL C. ROWE, Deceased.   EDITH CAIRNS RUSSELL, Plaintiff and Appellant, v. JAMES K. ABERCROMBIE, as Executor, etc., et al., Defendants and Respondents.

Crowe, Mitchell, Hurlbutt & Clevenger and J. Thomas Crowe for Plaintiff and Appellant.

Erling H. Kloster and W. G. Machetanz for Defendants and Respondents.

BROWN (R. M.), J.—The holographic will of Ethel C. Rowe, deceased, was admitted to probate. The court denied a petition filed by a sister of the decedent for revocation of the order, and this appeal is from the judgment dismissing the petition for revocation of the order admitting the will to probate and confirming the previous order admitting it.

The writing is entirely in the hand of decedent and the principal question is whether it was signed so as to entitle it to be filed as a will. The writing is as follows:

"Will of Mrs. Ethel C. Rowe

Jan. 16th 1962

"I appoint Mr Emil R. Walter and Atty James Abercrombie as administrators with out Bond.
"I bequeath my orange and olive groves to Emil R. Walter
"I bequeath all other real estate to my sister
Mrs. Edith Cairns Russell if she survives me.
Any bank deposits I have on my death can be
used by Emil R Walter to pay taxes.
I consider all other relatives financialy able
to take of themselves. If any one/claims any
part of my possessions they   other than those named
are to receive one dollar   in this will

"Signed this day Jan 16th 1962"

The writing covered one side of the paper, the top line being approximately 3/8ths of an inch from the top edge of the paper, and extending without margin on either side down the page, with the last line being approximately 7/16ths of an inch from the bottom edge of the paper. On the reverse side of the single sheet of paper, approximately 3/4ths of an inch from the top, was written in the decedent's handwriting, "Will of Ethel C. Rowe." This document was found after the decedent's death in a desk drawer in her home.

Over an objection, it was testified that the testatrix was a high school and business college graduate. Objection was also made to the introduction of evidence that about four days before the writing of the instrument herein involved, the testatrix had signed a petition as joint executrix in connection with the probate of a holographic will of her sister.

Appellant refers to the fact that Mrs. Rowe did not dispose of some $70,000 worth of personal property in the will here under consideration. Appellant does not argue that the failure of the testatrix to dispose of all of her property is ''crucial'' to the validity of a holographic will, but does maintain that the decedent's failure to dispose of all of her property refutes any inferences that her name being placed elsewhere than at the end of the writing was intended to serve as the execution of the will, and cites *Estate of Morgan,* 200 Cal. 400 [253 P. 702], where a complete disposition of the property was made to show that the testatrix intended to execute the document as a will. Appellant relies on *Estate of Manchester,* 174 Cal. 417 [163 P. 358, Ann.Cas. 1918B 227, L.R.A. 1917D 629], where it was determined that the holographic testamentary writing involved was not entitled to be filed as a will because it was not signed by the author thereof. ▮ The rule, as stated in *Manchester, supra,* at page 421, is as follows:

''The true rule, as we conceive it to be, is that, wherever placed, the fact that it was intended as an executing signature must satisfactorily appear on the face of the document itself. If it is at the end of the document, the universal custom of mankind forces the conclusion that it was appended as an execution, if nothing to the contrary appears. If placed elsewhere, it is for the court to say, from an inspection of the whole document, its language as well as its form, and the relative position of its parts, whether or not there is a positive and satisfactory inference from the document itself that the signature was so placed with the intent that it should there serve as a token of execution. If such inference thus appears, the execution may be considered as proven by such signature.''

In the last cited case the decedent placed her name at the beginning of the first sentence and in the last sentence stated, ''Whereunto I hereby sign my hand this 13th day of January 1914'' which is in the present tense.

In *Estate of Hurley,* 178 Cal. 713 [174 P. 669], the name of the decedent was placed at the beginning of the writing but the face of the document showed that she had ceased writing before she finished declaring her intentions and there-

fore she did not regard the instrument as a completed testament. The same may be said of the case of *Estate of Leonard,* 1 Cal.2d 8 [32 P.2d 603], where the decedent had written: "In the name of God I Mary L. Leonard Los Angeles Calif at the age of 70 years and being of sound and disposing mind and memory."

In *Estate of Bernard,* 197 Cal. 36 [239 P. 404], the document indicated that the testatrix had not completed her declaration, and in *Estate of Devlin,* 198 Cal. 721 [247 P. 577], the decedent placed his name at the beginning of the instrument, i.e., "San Francisco, August 15th, 1921—I Joseph Devlin . . ." and ended with these words: "I will state to you later what I would wish you to do with the balance I have some other little interests besides I am tired writing Goodnight." The envelope containing the will on which were written the words "This Envolope Contains the Late Joseph Devlin's Will . . ." does not impart validity to a clearly incomplete document. This instrument showed on its face that the testator had not completed the testamentary act.

However, in *Estate of McMahon,* 174 Cal. 423 [163 P. 669, L.R.A. 1917D 778], the testatrix wrote, "I do hereby publish and declare the foregoing, entirely written, dated and signed by my own hand, to be my last will and testament, this second day of January, 1912." Here, the language of the testatrix did affirmatively express the adoption of her name at the beginning as her signature to the will, and is in the past tense.

As was said in *Estate of Kinney,* 16 Cal.2d 50, 54, 55 [104 P.2d 782] : "It is for the probate court in the first instance to say whether the document was 'signed' by the decedent, and its determination will not be disturbed unless it is without support in the evidence," and further, that "Completeness alone has been held sufficient evidence of the adoption of the name so placed as the authenticating signature of the testator and as a compliance with the statute which requires the will to be 'signed.' "

Thus, in the present case, it appears that the testatrix has done everything that she intended to do and the will is a complete testamentary declaration, the last line thereof stating, "Signed this day Jan 16th 1962."

Appellant cites *Estate of Brooks,* 214 Cal. 138 [4 P.2d 148], with respect to the lack of a residuary clause. The Supreme Court sustained an order admitting the will to probate; however, the court said at pages 140, 141-142: "It is now well settled that in determining whether a certain writing is an

holographic will the fact 'must be established upon the face of the offered instrument that it is a complete and executed document; that notwithstanding that the usual place of signing and so of evidencing this execution and completeness is at the end of the instrument, the signature of the testator found elsewhere than at the end may be, if circumstances warrant it, a signature of execution, but the only evidence which will warrant this connection [conclusion] must be found in and on the instrument itself . . .' (*Estate of McMahon,* 174 Cal. 423, 424 [163 P. 669, L.R.A. 1917D 778]) . . . Then in *Mah See* v. *North American Accident Ins. Co.,* 190 Cal. 421, 426 [26 A.L.R. 123, 213 P. 42, 44], the court said: 'In so far as the evidence is subject to opposing inferences, it must upon a review thereof be regarded in the light most favorable to the support of the judgment.' Under the circumstances mentioned, we are unable, as a matter of law, to say the trial court erred by drawing the wrong inference.''

In *Estate of Bloch,* 39 Cal.2d 570 [248 P.2d 21], the testatrix' signature appeared only in the body of the instrument, as follows:

''Bonds belonging solely to Helene I. Bloch 8000.00
5300.00

---

13300.00''

The court said, at pages 572-573: ''It is settled in California that the signature need not be located at the end but may appear in another part of the document, provided the testator wrote his name there with the intention of authenticating or executing the instrument as his will. [Citations.] The required intention must appear on the face of the document itself, and parol evidence is not admissible to show that a signature found elsewhere than at the end is a signature of execution. [Citations.] The rule of evidence adopted in these cases has also been applied in determining whether a signature appearing in the body of a document is sufficient to satisfy the statute of frauds. [Citations.]

''It has been said that where a decedent's signature is found only in the body of a document which is claimed to be a will, the court must determine from an inspection of the instrument's language, form and the relative position of its parts whether or not there is a positive and satisfactory inference that the decedent's name was placed in that location

with the intention of executing the instrument, and if such an inference appears, the execution is considered proven."

Other cases cited by the court in *Bloch* include the following: *Estate of Gardener,* 84 Cal.App.2d 394 [190 P.2d 629] ("I Mrs. Estelle Gardener 433 West Laurel Street do give devise and beque*th* Mrs. Dorothy Mathews and Mrs. Eleatra Hyatt" certain described property, and concluding with these words, "My only and Last will and Testament Signed this 10th Day of March 1947"); *Estate of Kaminski,* 45 Cal. App.2d 779 [115 P.2d 21] ("Last will and testament of Belle Kaminski, Dec. 8-1937 . . . being of sound & disposing mind and memory . . ., do make publish and declare this my last will & testament in the manner following, that is to say," followed by specific provisions disposing of property, and concluding with a direction for cremation); *Estate of Bauman,* 114 Cal.App. 551 [300 P. 62] ("That I Lovina Bauman, on this date April 9th 1929, desire my wishes herein executed as stated, . . ."); *Estate of Sullivan,* 94 Cal.App. 674 [271 P. 753] ("I, Mark Cornelius Sullivan, . . . revoking all wills by me heretofore made, do hereby publish and declare this my Last Will and Testament . . ., in manner and form following: . . ."); and *Estate of England,* 85 Cal. App. 486 [259 P. 956] ("Last Will of Anna England," in caption, followed only by bequests).

In the dissenting opinion by Mr. Justice Traynor in the *Estate of Bloch, supra,* at pages 576-577, he said: "Regardless of where the name may appear in the instrument, there is always the possibility, of course, that it was intended as a signature. The mere existence of that possibility, however, is not enough to permit a reasonable inference that it was so intended. When the name is used to identify the decedent as the author of the alleged will as in *Estate of Kinney,* 16 Cal.2d 50 [104 P.2d 782] ('I Anna Leona Graves Kinney, do bequeath all my possessions to my four sisters'), or to identify the instrument as decedent's will as in *Estate of Brooks,* 214 Cal. 138 [4 P.2d 148] ('This is my will— Elizabeth Ryan Brooks'), and in addition the instrument appears to be a complete testamentary document, it may reasonably be inferred that the name was placed where it was with the intention of executing the instrument. In such cases the name is linked to the alleged testamentary act and the probabilities that it was intended as a signature are strong."

The cases of *Estate of Leonard, supra,* 1 Cal.2d 8; *Estate of Devlin, supra,* 198 Cal. 721; *Estate of Bernard, supra,*

197 Cal. 36; and *Estate of Hurley, supra,* 178 Cal. 713, on which appellant relies, are cited with regard to completeness, but are inapplicable to the present case on their facts. In each of these cases the writing ended abruptly, apparently interrupting decedent's declaration of his intentions, and the court properly inferred that the decedent intended to do more. ■ In the present case it is clear from the face of the will in question that Mrs. Rowe was not interrupted in formulating her directions for disposing of her property because after appointing executors and making her disposition she disinherited all persons other than those named in her will and then wrote· the last sentence, fixing the date of execution and using the past tense of the word ''sign,'' i.e., ''signed,'' to indicate that she had already signed the will. We agree that the trial court was justified in finding that the signature appearing in the exordium clause was intended to, and did, constitute an authenticating signature.

The court below having twice passed upon the question, first when the will was admitted to probate and second following hearing in this proceeding, its determination, supported by the evidence, must stand.

The judgment is affirmed.

Conley, P. J., concurred.

Stone, J., deeming himself disqualified, did not participate.

A petition for a rehearing was denied November 23, 1964. Stone, J., did not participate therein. Appellant's petition for a hearing by the Supreme Court was denied December 23, 1964.