CITY OF BILOXI v. TRUSTEES OF MISSISSIPPI ANNUAL CONFERENCE ENDOWMENT FUND.

(Division A. April 19, 1937. Suggestion of Error Overruled June 14, 1937.)

[173 So. 797. No. 32698.]

48

J. D. Stennis, Jr., of Biloxi, for appellant.

Stevens & Stevens and **W. E. Morse**, all of Jackson, for appellee.

54

Argued orally by **J. D. Stennis, Jr.**, for appellant, and by **John Morgan Stevens, Jr.**, for appellee.

**Cook, J.**, delivered the opinion of the court.

For the year 1936, the tax assessor of the City of Biloxi assessed certain property, known as the Seashore Camp Ground, to the Seashore Methodist Assembly. After publication of notice to the taxpayers of the filing of the assessment roll, the appellee, a body corporate under and by virtue of a charter granted by chapter 439 of the Acts of the Legislature of 1888, filed a petition alleging that, in recognition of its character as a religious organization for the benefit of superannuated Methodist preachers and their widows and orphans under the age of 16 years, the Legislature, under

its charter, exempted it from ad valorem taxes on all property owned by it, and that the property in question had been conveyed to it by deed dated December 28, 1935, and praying that its charter exemption of said property be recognized and the exemption thereof from taxation be granted. A copy of its charter, being chapter 439, Laws of 1888, with an amendment thereof granted and approved under the general laws providing for amendment of charters of incorporation, was filed as an exhibit to the petition.

After a full hearing of this petition, the Mayor and Board of Councilmen of the City of Biloxi entered an order rejecting the petition and request for exemption, and declaring the property to be subject to taxation; and after the entry of a subsequent order approving the assessment of this property at a valuation of $5,000, appellee perfected an appeal to the circuit court. In the circuit court the city first filed a motion to docket and dismiss, which was overruled, and then a demurrer was filed to the petition on the ground, among others, that "The provision in appellee's charter with reference to its ability to hold property free from taxation is in contravention of subsection (h), section 90 of the Constitution of the State of Mississippi, which section prohibits the passage by the legislature of the state of any local, private or special laws exempting property from taxation or from levy and sale."

This demurrer was also overruled, and there were subsequent proceedings which resulted in a final judgment adjudging the property, known as the Seashore Camp Ground property, to be exempt from taxes, and from this judgment appellant prosecuted this appeal assigning as error, among others, the action of the court in overruling its demurrer to appellee's petition for exemption from taxation.

The exemption from taxation which the appellee by its petition claims, was granted by a special act of the Legislature in 1888, prior to the adoption of the Con-

stitution in 1890, but in the year 1914, the appellee applied for and secured an amendment of its charter, under the general laws of the state, sections 899 and 900, Code of 1906, providing for the amendment of charters of incorporation, granted under such general laws or by a special act of the Legislature, and it is the contention of the appellant that, by reason of the amendment of its charter, appellee thereafter held its charter and franchises subject to the provisions of the Constitution of 1890; and consequently its validity should be measured by the provisions of that Constitution.

On the part of appellee, it is contended that this point was not presented in the court below, and should therefore be disregarded here, but we do not think this contention is well founded. The second ground of the demurrer was that the asserted exemption from taxation by a private and special act of the Legislature was in contravention of subsection (h) of section 90 of the Constitution of 1890, and this ground of demurrer necessarily brought into review the question of whether or not the corporation had, by virtue of the amendment, brought its charter rights within the provisions of that Constitution. Section 181 of the Constitution of 1890 expressly reserved to corporations then existing the exemptions to which they were legally entitled at that time, and if by the amendment of its charter under the general laws enacted in pursuance of the Constitution of 1890, the appellee did not, by virtue of the provisions of section 179 of the Constitution, bring its charter under the provisions of the Constitution, section 90 thereof could, of course, have no application, and the contention that the charter violated section 90 of the Constitution necessarily involved the consideration of the effect of the amendment of its charter.

The amendment of appellee's charter under the general laws, which was granted in the year 1914, merely provided for the extension of the terms of office of the trustees and officers of the Conference Endowment Fund

from one year to four years, and for the filling of vacancies in such offices, and it seems to be the contention of appellee that, after this amendment, its precise corporation existence continued, or, in other words, that there was no such fundamental change in its corporate powers or existence as would bring into play the provisions of section 179 of the Constitution of 1890.

Section 279 of the Constitution of 1890 provides that all rights of bodies corporate, and all charters of incorporation, shall continue, while section 181 of said Constitution provides that "exemptions from taxation to which corporations are legally entitled at the adoption of this Constitution, shall remain in full force and effect for the time of such exemption as expressed in their respective charters, or by general laws, unless sooner repealed by the legislature."

Section 179 of said Constitution provided that, "The legislature shall never remit the forfeiture of the franchise of any corporation now existing, nor alter nor amend the charter thereof, nor pass any general or special law for the benefit of such corporation, except upon the condition that such corporation shall thereafter hold its charter and franchises subject to the provisions of this Constitution; and the reception by any corporation of any provision of any such laws, or the taking of any benefit or advantage from the same, shall be conclusively held an agreement by such corporation to hold thereafter its charter and franchises under the provisions hereof."

Sections 181 and 279 of the Constitution were considered in the case of Adams v. R. R. Co., 77 Miss. 194, 24 So. 200, 317, 28 So. 956, 60 L. R. A. 33, and it was there held that they preserved to corporations such exemptions as they legally had, so long as they maintained their precise previous corporate existence, but in that case there was involved, not a mere amendment of an existing charter, but rather a consolidation of two corporations and the creation of a new corporation.

But section 179 of the Constitution quoted above permits the Legislature to alter or amend any existing charter only on the condition that such corporation shall thereafter hold its charter and franchises subject to the provisions of the Constitution of 1890, and provides that the acceptance by a corporation of any of the provisions of the general laws of the state passed for its benefit, or the taking of any advantage or benefit thereunder, shall bind the corporation to thereafter hold its charter and franchises under the provisions of that Constitution. There is nothing in the language of this section that limits the requirement that, after amendment of its charter under general laws enacted for the benefit of corporations, a corporation shall hold its charter and franchises under the provisions of said Constitution, so that it will apply only in the case of such amendments as work a material and fundamental change in the powers, duties, or obligations of the corporation. It covers any amendment, or the acceptance of any benefit or advantage, under general laws enacted for the benefit of corporations, and upon amendment of its charter under these general laws authorizing such amendment, the appellee thereafter held its charter and franchises under and subject to the provisions of the Constitution of 1890.

Subsection (h) of section 90 of the Constitution of 1890 provides that exemptions of property from taxation, or from levy or sale, shall not be granted by the Legislature by local, private, or special laws, but such matters shall be provided for only by general laws. In its petition for exemption from taxation, the appellee sought exemption solely on the ground that the exemption had been granted to it by the private and special Act of the Legislature of 1888, and by appellant's demurrer to the petition the question of whether or not the provisions of appellee's charter exempting its property from taxation were violative of subsection (h) of section 90 was presented. That this asserted exemption

granted by private and special act of the Legislature violates this section is at once apparent. It is in direct contravention of this section of the Constitution and is therefore void, and the demurrer to the petition should have been sustained.

The record apparently discloses, and the brief of counsel for the appellee seems to admit, that the only question considered in the court below was whether or not, under its charter, the appellee was entitled to have its property exempt from taxation, but it is suggested in appellee's brief that if the exemption granted in its charter is void, nevertheless it is entitled to the exemption under the general law granting religious and charitable societies exemption from taxation on property used exclusively for such purposes and not for profit, and not to exceed the amount of land which such religious or charitable societies may own as provided for in the chapter on corporations. In addition to the fact that this question does not appear to have been considered or passed upon in the court below, the facts as to ownership and use of the property in question are not sufficiently developed to enable this court to pass upon and fully determine that question. Consequently the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.