MISSISSIPPI COLLEGE et al. *v.* MAY et al.

No. 41760 March 27, 1961 128 So. 2d 557

*Green, Green & Cheney, Wells, Thomas & Wells, Cecil F. Travis,* Jackson; *Brunini, Everett, Grantham & Quin,* Jackson and Vicksburg; *Dent, Ward, Martin & Terry,* Vicksburg, for appellants.

*Emmette P. Allen,* Brookhaven; *J. T. Drake, Jr.,* Port Gibson, for appellees.

Etheridge, J.

This is the second appearance of this case. Most of the pertinent facts are set forth in the original decision. Mississippi College v. May, 235 Miss. 200, 108 So. 2d 703 (1959). Accordingly, reference is made to that opinion for detailed consideration of most of the issues there and here.

The case involves application of the mortmain provisions of Miss. Constitution Sec. 270 and Miss. Code 1942, Sec. 671. The 1959 appeal resulted in a decision on practically all of the issues now raised again on this

appeal. In that respect the principle of the law of the case is applicable.

 ██ The doctrine of the law of the case is similar to that of former adjudication, relates entirely to questions of law, and is confined in its operation to subsequent proceedings in the case. Whatever is once established as the controlling legal rule of decision, between the same parties in the same case, continues to be the law of the case, so long as there is a similarity of facts. This principle expresses the practice of courts generally to refuse to reopen what has previously been decided. It is founded on public policy and the interests of orderly and consistent judicial procedure. 21 C. J. S., Courts, Sec. 195; 30A Am. Jur., Judgments, Sec. 331; Goldsby v. State, 123 So. 2d 429, 434 (Miss. 1960).

Appellants seek on this appeal to reopen the same issues which the Court has already decided in the first appeal. This we refuse to do for two reasons, because the original decision was correct, and because it is the law of the case.

The decision in 235 Miss. 200 affirmed the Chancery Court of Claiborne County in overruling demurrers of defendants-appellants to the bill of complaint, and remanded the cause. Answers and cross-bills were then filed, and there was a stipulation of certain facts not affecting the result. The final decree, from which this appeal was taken, adjudicated that appellees were the legal and equitable owners of the land. The estate of the College for ten years, with power of disposition during that time, terminated, and the full fee simple estate is vested in appellees. Hence the decree overruled a motion to intervene, about which there will be subsequent reference, and rendered judgment for appellees against appellants for $10,500, being the value of timber cut from the land in 1953, and the additional sum of $1,813 for rents and profits in the sale by the College of a mineral lease, agricultural rent, and the sale of

locust trees, after credit was given for taxes paid by the College after 1950, when its ten-year estate terminated. The decree further rendered judgment on its cross-bill against the College in favor of Anderson-Tully Company, which purchased timber from the land, for all sums which may be expended by it in payment of the judgment, and $950 for expenses in defending this suit.

There is no merit in the federal constitutional issues raised by appellants. However, some comment should be made by two issues.

 ■ There was no error in the chancery court's overruling a motion to intervene by representatives of the Union Association, the Port Gibson Baptist Church, and certain persons claiming to be beneficiaries of an alleged trust. The proposed intervention was based on the major premise that the will created a trust. We previously held to the contrary. Since appellants' argument is based on an erroneous assumption, it necessarily falls. The necessary and proper parties to this litigation were only those in court. This is simply a suit to determine title to land and to remove clouds asserted by appellants.

The College contends that its statutory charter is a contract with the State of Mississippi, and Constitution Sec. 270 and Code Sec. 671, as applied by this Court in the original decision, 235 Miss. 200, impair the validity of that contract, contrary to the provisions of the Federal Constitution. United States Constitution Article I, Sec. 10, Clause 1 provides that no state shall pass any law "impairing the obligations of contracts."

 ■ There are two answers to this argument. Assuming the mortmain provisions affect appellant's charter of incorporation, it is subject to the legislative power to alter or amend. Apparently the corporate charter of Mississippi College was first created by Miss. Laws 1826, Ch. 18. There were subsequent and various amendments. Miss. Laws 1827, Ch. 66; Miss. Laws 1829, Ch. 62; Miss.

Laws 1830, Ch. 77; Miss. Laws 1850, Ch. 6; Miss. Laws 1854, Ch. 342; Miss. Laws 1865, Ch. 133; Miss. Laws 1878, Ch. 383; Miss. Laws 1880, Ch. 111. After the Mississippi Constitution of 1890 went into effect, the charter was again amended by Miss. Laws 1902, Ch. 140, which contained provisions with reference to the board of trustees, the president, removal of board members, exemption from debt, and a method of placing lien or mortgage on its property.

Hence appellant's charter was amended after the effective date of Mississippi Constitution Sec. 179, which provides:

''The legislature shall never remit the forfeiture of the franchise of any corporation now existing, nor alter nor amend the charter thereof, nor pass any general or special law for the benefit of such corporation, except upon the condition that such corporation shall thereafter hold its charter and franchises subject to the provisions of this constitution; and the reception by any corporation of any provision of any such laws, or the taking of any benefit or advantage from the same, shall be conclusively held an agreement by such corporation to hold thereafter its charter and franchises under the provisions hereof.''

Constitution Sec. 178 states that corporations shall be formed under general laws only, and the legislature shall have power to alter or amend corporate charters ''whenever, in its opinion, it may be for the public interest to do so. Provided, however, that no injustice shall be done to the stockholders.'' In brief, by the 1902 amendment the College ''conclusively'' agreed to hold its charter subject to the provisions of the State Constitution, including Sec. 178 and the general legislative amending powers.

In City of Biloxi v. Trustees of Mississippi Annual Conference Endowment Fund, 179 Miss. 47, 173 So. 797 (1937), the Fund, a corporate, religious body, for the

benefit of retired Methodist preachers and their widows, asserted under its 1888 charter a tax exemption from City of Biloxi ad valorem taxes on its Seashore Campground. In 1914 the Fund amended its charter in minor respects under the general laws of the State. It was held that, after the amendment, the Fund held the property subject to the provisions of Constitution Sec. 179, and Sec. 279, giving the legislature control of corporate tax exemptions. Sec. 179 covers any subsequent amendment of a corporate charter issued prior to 1890. Thereafter the Fund held its franchise subject to the provisions of the Constitution of 1890. So, assuming the mortmain provisions affect the College's charter, it is not protected by the impairment of contracts provision of the Federal Constitution and the principle of the Dartmouth College case. Dartmouth College v. Woodward, 4 Wheat. 518, 4 L. Ed. 629 (1819).

██ █ A second reason why there is no validity in this argument is that the mortmain statute and constitutional provision do not affect the College's charter. They are limitations on testamentary power. 235 Miss. at 220. ██ █ There is no constitutional right to make a will. It is a privilege granted by statute, and subject to constitutional and legislative limitations. The mortmain provisions create those restrictions. Hence the limitation was upon the testamentary power of Dr. May, and not upon the College. No corporate charter contract with the College is impaired by Mississippi Constitution Sec. 270 and Code Sec. 671.

For all of these reasons the decree of the chancery court is affirmed.

Affirmed.

*Kyle, Arrington, Gillespie, McElroy, Rodgers,* and *Jones, JJ.,* concur.

McGEHEE, C.J., Specially concurring:

For the reasons stated by Justice Roberds in the dissenting opinion in Miss. College v. May, 235 Miss. 200, 108 So. 2d 703, decided on February 9, 1959, those of us who joined in the said dissent were of the opinion then, and are now still of the opinion, that the majority opinion rendered in the said cause was erroneous. Nevertheless, a majority of the members who then constituted the Court concurred in the said opinion, and it is therefore the law of the case as to all points therein decided, and all members of the court are now bound thereby.

We thought then, and we still think, that Item 4 of the will in question devised and bequeathed Magnolia Plantation in Claiborne County to Mississippi College but for the specific and expressed purpose of having said plantation, at the proper time, ''converted into cash and held as a perpetual trust fund or endowment,'' and the proceeds therefrom to be used to provide annual scholarships not to exceed $100.00 in value to members of the Port Gibson Baptist Church ''who are qualified and desire to prepare themselves as christian workers'' as the first consideration; and for ministerial students as the next or second consideration, as a memorial to Dr. and Mrs. J. V. May, and that no action by the College could serve to deny to those who were entitled to the benefit of the said trust fund or endowment that which was devised and bequeathed for their benefit.

Of course, if no trust was intended, as held in the majority opinion, then there could be no beneficiaries of a trust and the former opinion held that the testator made a direct gift of the plantation to the College, and that no trust was created. Our views are expressed more in detail in the dissent from the former opinion in this cause. But as heretofore stated, we are bound by the decision of the majority as to all questions actually determined and decided on the former appeal of this case. Other questions are raised on this appeal as to which we deem it unnecessary to express an opinion.

I, therefore, specially concur in the controlling opinion written by Justice Ethridge herein.

*Lee, J.,* concurs herein.